UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| DAVID CALHOUN, | ) | CASE NO.  4:11 CV 0010 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WARDEN, F.C.I.  ELKTON, | ) | |
| | ) | |
| Respondent. | ) | |

Pro se petitioner David Calhoun filed the above-captioned habeas corpus action pursuant to 28 U.S.C. § 2241 on January 3, 2011.  Eight days later, Mr. Calhoun filed a Motion to Rename Parties [Dkt.#6], and Motion for Order to Show Cause for a Preliminary Injunction/Motion for Temporary Restraining Order [Dkt.#7].

Mr. Calhoun  is incarcerated at the Federal Correctional Institution at Elkton in Lisbon, Ohio (F.C.I. Elkton)  He asserts his First and Fifth Amendment rights were violated because respondent sanctioned him for refusing to provide a sample of his blood on religious grounds.  He requests an Order from this Court invalidating the prison's policy of requiring blood samples instead of accepting a saliva samples.  Further, he seeks to expunge the Bureau of Prisons (BOP) Code 306 violation from his record. For the reasons set forth below, this action is dismissed, but without

prejudice to any civil rights claim Mr. Calhoun may seek to pursue. Accordingly, the Motion for Order to Show Cause for a Preliminary Injunction/Motion for Temporary Restraining Order is denied as moot.

*Background*

On October 22, 2010, Mr. Calhoun was placed on an institutional "call out" by Health Services at F.C.I. Elkton and asked to provide a DNA sample for the BOP. He "opted to undergo counseling on the issue from his unit team." (Pet. at 3) A staff member explained that a pin prick of blood would be extracted from Mr. Calhoun's finger to secure his DNA. He was not advised of the consequences if he did not provide a blood sample.

Mr. Calhoun was again placed on an institutional call on November 3, 2010. He flatly refused to provide a blood sample, claiming that "shedding of his blood" violated his religious beliefs. Mr. Calhoun offered to provide another form of DNA sample. The Health Services Administrator issued an incident report charging him with a Code 306 violation, "Refusing to Work or Accept a Program Assignment." When an F.C.I. Elkton staff interviewed Mr. Calhoun, he explained his refusal to provide a blood sample was based on his religious beliefs. The matter was addressed through a Unit Disciplinary Hearing (UDC) wherein the Chairman found Mr. Calhoun violated Code 306. On November 9, 2010, he was sanctioned with 30 days loss of telephone/email privileges, visitation and commissary privileges.

Mr. Calhoun timely appealed the UDC Chairman's decision. During the pendency of the appeals process, another request for a blood sample was requested from him. When he refused, another incident report was issued charging Mr. Calhoun with violating Code 306 when he refused to furnish a blood sample.

*Initial Review*

This matter is before the court for screening. 28 U.S.C. § 2243; Harper v. Thoms, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002).  At this stage, allegations in the petition are taken as true and liberally construed in petitioner's favor. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir.2001).  As Mr. Calhoun is appearing pro se, his petition is held to less stringent standards than those drafted by attorneys. Burton v. Jones, 321 F.3d 569, 573 (6th Cir.2003); Hahn v. Star Bank, 190 F.3d 708, 715 (6th Cir.1999).  For the reasons set forth below, his petition lacks merit.

*Motion to Rename*

Although Mr. Calhoun named F.C.I. Elkton Warden J. T. Shartle as respondent, he claims Mr. Shartle is no longer Warden at F.C.I. Elkton.  He states he is unaware who has replaced Mr. Shartle, but seeks to alter and identify the named respondent as "Warden."  Upon due consideration that only the warden at the institution where petition was held at the time he filed the petition is his custodian; and, a section 2241 petition acts upon the person or entity which can release the prisoner, the respondent is altered to read: "**Warden, F.C.I. Elkton**."  See Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 495 (1973) (writ of habeas corpus acts upon the person holding the prisoner; thus, the court issuing the writ must have jurisdiction over the person holding the prisoner); Dunn v. U.S. Parole Comm'n, 818 F.2d 742, 744 (10th Cir.1987) ("So long as the petitioner names as respondent a person or entity with power to release him, there is no reason to avoid reaching the merits of his petition.") Accordingly, the Motion to Rename Parties is **granted**.

*Civil Violations*

Section 2241 claims under Title 28 of the U.S. Code are generally reserved for

3

challenges to the execution of a prisoner's sentence, such as the computation of parole or sentence credits, and may not be used to challenge a prisoner's conditions of confinement. See id. Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the "legality or duration" of confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A civil rights action, in contrast, is the proper method of challenging "conditions of ... confinement." Id. at 498-99. Mr. Calhoun explicitly states he is challenging his prison conditions, not his conviction or sentence. He alleges he was deprived of a right secured by the federal Constitution by persons acting under color of federal law. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971). Since the federal government is not subject to suit under § 1983, Ana Leon T. v. Fed. Reserve Bank, 823 F.2d 928, 931 (6th Cir.1987), and § 2241 is a vehicle not for challenging prison conditions, Cohen, 593 F.2d at 770-71, he must file this as a Bivens claim.[1] The court cannot grant habeas relief when the length of a prisoner's sentence is not in jeopardy. Accordingly, petitioner's First and Fifth Amendment claims are dismissed without prejudice to any civil action petitioner might raise in the future.

*Conclusion*

Based on the foregoing, the petition is **dismissed** pursuant to 28 U.S.C. § 2243. Accordingly, his Motion for Order to Show Cause for a Preliminary Injunction/Motion for Temporary Restraining Order is denied as **moot**. The court certifies, pursuant to 28 U.S.C. §

---

[1] In Bivens, the Supreme Court held that damages may be recovered from federal agents for injuries inflicted by them in violation of a victim's Fourth Amendment rights, even absent a statute authorizing a federal cause of action. Bivens, 403 U.S. at 396-97.

1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

    IT IS SO ORDERED.

            /s/ David A. Katz

            _____
            DAVID A. KATZ
            UNITED STATES DISTRICT JUDGE

---

[2]   28 U.S.C. § 1915(a)(3) provides:

    An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.